IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KATHRYN L. BARKER, § | | |
|    *Plaintiff*, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 4:18-cv-502 |
| § | | |
| UHS OF TEXOMA, INC. § | | |
| d/b/a TEXOMA MEDICAL CENTER, § | | |
|    *Defendant*. § | | |

## DEFENDANT'S MOTION TO COMPEL ARBITRATION

In accordance with the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.* and FED. R. CIV. P. 12(b)(1), Defendant UHS of Texoma, Inc. d/b/a Texoma Medical Center ("Defendant" or "Texoma") files this *Motion to Compel Arbitration*. In support, Defendant shows the following.

## SUMMARY OF ARGUMENT

Texoma files this motion because Plaintiff refuses to honor her arbitration agreement that encompasses all of her employment-related claims in this lawsuit. Plaintiff accepted her arbitration agreement with Texoma by reviewing the agreement's terms and continuing to work for Texoma after receiving notice of the arbitration agreement. Because she agreed to submit all disputes arising from her employment with Texoma to binding arbitration, the Court lacks jurisdiction over Plaintiff's claims under FED. R. CIV. P. 12(b)(1), and this lawsuit should be dismissed or stayed until such time as the parties fully arbitrate the disputes.

## FACTUAL BACKGROUND

Plaintiff Kathryn L. Barker ("Plaintiff" or "Barker") filed her *Complaint* on July 17, 2018, alleging violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, and

the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*

In connection with her employment, Texoma required Barker to agree to an alternative dispute resolution agreement, the *Alternative Resolution of Conflicts* Agreement ("ARC Agreement").[1] The *ARC Agreement* contains an explicit requirement requiring Barker to arbitrate all:

> disputes regarding the employment relationship, compensation, breaks and rest periods, termination, or harassment and claims arising under the Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by the Company and covered by the Employee Retirement Income Security Act of 1974 or funded by insurance), Genetic Information Non-Discrimination Act, and state statutes, if any, addressing the same or similar subject matters, and all other state statutory and common law claims.[2]

Barker completed Texoma's online course explaining the *ARC Agreement* and procedures for opting out of it on November 27, 2013.[3] Barker never opted out of the *ARC Agreement*.[4]

## ARGUMENT AND AUTHORITIES

A "two step" inquiry governs whether parties should be compelled to arbitrate.[5] "First, courts must determine whether the parties agreed to arbitrate the dispute."[6] The burden of establishing a valid arbitration agreement falls on the party seeking to compel arbitration.[7] The second step shifts the burden to the parties opposing arbitration to demonstrate that the dispute does not fall within the scope of the arbitration agreement or that the agreement is unenforceable.[8]

---

[1] Exhibit 1 ¶ 5.

[2] Exhibit 2 at ¶ 1.

[3] Exhibit 2.

[4] Exhibit 1 at ¶ 11.

[5] *Holmes v. Air Liquide USA LLC*, 2012 U.S. Dist. LEXIS 10678; 2012 WL 267194 (S.D. Tex. 2012) (*citing Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004)).

[6] *Id.*

[7] *Id.*

[8] *Id.*

Plaintiff entered into a binding arbitration agreement, enforceable under the Federal Arbitration Act ("FAA"), by continuing her employment with Texoma after completing the course *Alternative Resolution of Conflicts*.[9] The FAA provides that:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitrating an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.[10]

The FAA mandates the enforcement of arbitration agreement where such agreements are: (a) are part of the contract or transaction involving commerce; and (b) valid under the general principles of contract law.[11] The arbitration agreement between Texoma and Barker satisfies these requirements.

### a. Barker's Employment Involved Commerce

The U.S. Supreme Court has held that the FAA's commerce clause reflects Congress' intent to extend the FAA's coverage to the limits of federal power under the commerce clause.[12] A matter "involves" commerce under the FAA if it merely affects commerce.[13] The U.S. Supreme Court has specifically held that the FAA's coverage extends to employment contracts that involve such commerce.[14] Courts have consistently held that the FAA applies to any agreement, unless the contract at issue specifically disclaims its application.[15]

### b. The ARC Agreement is Valid Under General Principles of Contract Law

---

[9] Exhibit 3.

[10] 9 U.S.C. § 2.

[11] *Id.*

[12] *See Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 688 (1996).

[13] *Id.*

[14] *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 115-16 (2001).

[15] *See Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 475–76 (1989).

The Fifth Circuit has acknowledged "a strong national policy favoring arbitration of disputes" and has stated that "all doubts concerning the arbitrability of claims should be resolved in favor of arbitration."[16] In the employment law context, the Texas Supreme Court has held that, where an employer may terminate the relationship at any time, it may also institute new conditions of employment provided that employees receive notice of the conditions.[17] An employee accepts the new conditions by continuing his employment.[18]

Here, Barker received notice of the *ARC Agreement* based on *Certificate of Completion* for Texoma's online course titled *Alternative Resolution of Conflicts*.[19] The *ARC Agreement* contains clear, definite terms that were communicated to Barker in writing and delivered electronically.[20] Barker accepted the ARC Agreement's terms in two ways. First, she completed Texoma's online course titled *Alternative Resolution of Conflicts*.[21] This course provided information about Texoma's policy requiring alternative resolution of conflicts, including its opt-out policy.[22] By completing the course, Barker acknowledged that she received and had an opportunity to read the ARC Agreement, including its opt-out provision. Second, Barker continued her employment after receiving a copy of the *ARC Agreement*.[23] By continuing to work for Texoma after receiving notice of the *ARC Agreement*, Barker accepted the agreement to arbitrate as a matter of law.[24]

---

[16] *Wash. Mut. Fin. Group, L.L.C. v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004).

[17] *See In re Haliburton Co.*, 80 S.W.3d 566, 572-73 (Tex. 2002) (*citing Hathaway v. General Mills, Inc.*, 711 S.W.2d 227, 229 (Tex. 1986)).

[18] *Id.*

[19] Exhibit 1 at ¶ 8; Exhibit 2.

[20] Exhibit 1 at ¶ 7.

[21] *Id.* at ¶ 8.

[22] *Id.* at ¶ 9.

[23] *Id.* at ¶ 12.

[24] *See Halliburton*, 80 S.W.3d at 569; *Johnson v. Coca-Cola Refreshments USA, Inc.*, No. 4:11-cv-649, 2012 U.S. Dist. LEXIS 26994 at *11 (E.D. Tex. Feb. 3, 2012) ("After notice, Plaintiff continued to work for Defendant, which

Footnote continued on next page . . .

## c. Plaintiff's Claims are Within the Scope of the Arbitration Clause

In determining whether a dispute falls within the scope of the arbitration agreement, any ambiguities are "resolved in favor of arbitration."[25] In this matter, there is truly no ambiguity. Plaintiff's claims brought under the ADEA, ADA, and FMLA are explicitly covered by the *ARC Agreement*.[26] Because the ARC Agreement explicitly covers Barker's claims and the parties, the existence of a valid and enforceable arbitration agreement that covers the subject matter of this lawsuit cannot be denied. Accordingly, the Court has no discretion but to dismiss this case and order Barker to arbitrate her claims against Texoma.[27]

## d. Defendant is Entitled to an Order Compelling Plaintiff to Arbitrate Her Claims

The FAA mandates the enforcement of arbitration agreements. Section 4 of the FAA authorizes a party aggrieved by another's failure to abide by its legal obligation to petition a court for an order compelling compliance.[28] The FAA mandates that courts direct the parties to proceed to arbitration on issues as to which an agreement exists, affording no discretion on this issue.[29]

## CONCLUSION AND PRAYER

For the foregoing reasons, Defendant requests that the Court compel arbitration and dismiss or stay this case in accordance with the Federal Arbitration Act and FED. R. CIV. P. 12(b)(1).

---

. . . Footnote continued from previous page:

indicates his acceptance of the change in his employment relationship and indicates his agreement to be bound by the [arbitration agreement]"). *See also Burton v. Citigroup*, No. 3-03-CV-3033-M, 2004 U.S. Dist. LEXIS 10627 at *12 (N.D. Tex. June 9, 2004) ("whether plaintiff signed any particular document is irrelevant [because he] manifested [his] acceptance as a matter of law by continuing to work for [defendant] after notification that the arbitration policy would be implemented").

[25] *See Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002) (*citing Volt Information Science v. Board of Trustees*, 489 U.S. 468, 476 (1989)).

[26] Exhibit 2 at ¶ 1.

[27] *See Goodwin*, 924 S.W.2d at 944.

[28] 9 U.S.C. § 4.

[29] 9 U.S.C. § 3-4. *See Alford v. Dean Witter Reynolds*, 975 F.2d 1161, 1164 (5th Cir. 1992).

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Tracy Graves Wolf*
**Tracy Graves Wolf**
State Bar No. 24004994
Tracy.Wolf@lewisbrisbois.com
**Brent Sedge**
State Bar No. 24082120
Brent.Sedge@lewisbrisbois.com

2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
214.722.7100 - Main
214.722.7111 - Fax

**ATTORNEYS FOR DEFENDANT
UHS OF TEXOMA, INC. d/b/a
TEXOMA MEDICAL CENTER**

**DEFENDANT'S MOTION TO COMPEL ARBITRATION**                                                                 **Page 6**
4831-4447-4224.1

# CERTIFICATE OF SERVICE

I certify that the foregoing document was served on all parties *via CM/ECF* on September 27, 2018:

                         */s/ Brent Sedge*
                         Brent Sedge