IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KATHRYN L. BARKER, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-502 |
| | § | |
| UHS OF TEXOMA, INC. | § | |
| d/b/a TEXOMA MEDICAL CENTER, | § | |
|     *Defendant*. | § | |

**DEFENDANT'S SUPPLEMENTAL REPLY
IN SUPPORT OF MOTION TO COMPEL ARBITRATION**

Defendant UHS of Texoma, Inc. d/b/a Texoma Medical Center ("Defendant" or "Texoma") files this *Supplemental Reply in Support of Motion to Compel Arbitration* ("Supplemental Reply"). In support, Texoma shows the following:

**Background**

On September 27, 2018, Texoma filed its *Motion to Compel Arbitration*. [ECF No. 11]. Plaintiff Kathryn L. Barker ("Plaintiff" or "Barker") filed her *Response to Defendant's Motion to Compel Arbitration* on October 19, 2018. [ECF No. 18]. Texoma then filed its *Reply in Support of Motion to Compel Arbitration* on October 24, 2018. [ECF No. 19].

On April 24, 2019, the parties appeared before the Court for argument on Texoma's *Motion to Compel Arbitration*. [ECF No. 31] (minute entry for proceedings). At the hearing, the Court requested evidence that Barker actually received a copy of the *ARC Agreement* and had not opted out of its terms. As directed by the Court, Texoma files the attached *Declaration of Casey Scoggins in Support of Motion to Compel Arbitration* ("Scoggins Declaration") along with exhibits attached to the *Scoggins Declaration*.

## Argument

In accordance with FED. R. CIV. P. 10(c), Texoma reincorporates by reference the arguments and authority provided in its *Motion to Compel Arbitration* and *Reply in Support of Motion to Compel Arbitration*. [ECF No. 11, 19]. Additionally, based on the testimony contained in the *Scoggins Declaration*, as well as the evidence contained in the exhibits attached to the *Scoggins Declaration*, Barker clearly received and reviewed the parties *Alternative Resolutions of Conflicts Agreement* ("ARC Agreement") that provides for mandatory, binding arbitration. *See Scoggins Declaration* at 2-3 ¶¶ 12-20. Furthermore, Barker never opted out of the *ARC Agreement*. *Id.* at 3 ¶ 21. Because she never opted out of the *ARC Agreement*, Barker's claims are subject to arbitration and the Court should dismiss her *Complaint*.

## Prayer

Texoma prays that the Court grants the *Motion to Compel Arbitration*, orders Barker to arbitrate her claims against Texoma in accordance with the parties' *Alternative Resolution of Conflicts Agreement*, dismisses Barker's *Complaint*, and grants any further relief to which Texoma is justly entitled.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD AND SMITH, LLP**

*/s/ Tracy Graves Wolf*
Tracy Graves Wolf
Texas Bar No. 24004994
Tracy.Wolf@lewisbrisbois.com
Brent Sedge
Texas Bar No. 24082120
Brent.Sedge@lewisbrisbois.com
2100 Ross Avenue, Suite 2000
Dallas, TX 75201
(214) 722-7144 - Telephone
(214) 722-7111 - Fax

**ATTORNEYS FOR DEFENDANT**

## Certificate of Service

    I certify that a true and correct copy of the foregoing document was served in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on May 8, 2019, ***via CM/ECF***, on the following:

Ronald R. Huff
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
ronhuff@gcecisp.com

**ATTORNEYS FOR PLAINTIFF**

                                        */s/ Brent Sedge*
                                        Brent Sedge