**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **KATHRYN L. BARKER** | § | |
| | § | |
| vs. | § | **CIVIL ACTION NO. 4:18-cv-502** |
| | § | |
| **UHS OF TEXOMA, INC.** | § | |
| **D/b/a TEXOMA MEDICAL CENTER** | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL REPLY IN
SUPPORT OF MOTION TO COMPEL ARBITRATION (DKT#35)**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Kathryn L. Barker, Plaintiff in the above entitled and numbered cause, and files this response to Defendant UHS of Texoma, Inc. d/b/a Texoma Medical Center's supplemental reply in support of motion to compel arbitration (dkt#35), and, in support thereof, would respectfully show the Court the following:

**I. Background**

Defendant filed its motion to compel arbitration (dkt#11) on September 27, 2018. Plaintiff filed her response (dkt#19) on October 19, 2018. Defendant filed its reply (dkt#19) on October 24, 2018.

On April 24, 2019, the Court ordered Defendant to supplement its motion. Defendant filed its supplemental reply in support of motion to compel arbitration (dkt#35) on May 8, 2019.

**II. Summary of the Response**

Electronic records showing receipt and acceptance of arbitration agreements are insufficient to defeat employee's sworn affidavit refuting employer's records. Alorica v. Tovar, 569 S.W.3d 736 (Tex. App. – El Paso, 2018, no pet.)

Defendant has not produced any documents, written or electronic, with any identifiers or signatures that show Plaintiff was apprised of an arbitration agreement.

The Declaration of Casey Scoggins (dkt#35-1) does not demonstrate on its face how she claims to have determined any course materials within Defendant's "HealthStream" were in fact Plaintiff's "course details" since the documents themselves contain no employee identifiers.

Paragraphs 17, 18, 19, 21, and 21 of Scoggins' Declaration are conclusory because the face of the Declaration does not state how Scoggins purports to have determined Plaintiff completed the "Alternative Resolution of Conflicts" course.  (PageID #: 241)

Pursuant to Alorica, because Plaintiff has denied being informed of any arbitration agreement or policy (dkt#18-1), Defendant's Motion to Compel Arbitration (dkt#11) should be denied.

### III.  Analysis

In Alorica, the facts were that "all Alorica employees had an employee ID number identifying the employee across different Alorica systems, as well as a user ID number used internally within the EIS portal."  p. 739

Further, Alorica's solution development manager, Venu Thadisetti, who worked with Alorica's "information systems, web application, and CI systems, part of Alorica's overall I.T. structure", testified, "the log activity showed that Tovar's user ID was entered on a specific computer located within El Paso (ELP – 37183)."

Thadisetti believed that the user was Mary Tovar based solely on the fact that her login credentials were used and by policy nobody at Alorica had access to employee passwords, but he admitted on cross-examination that he had **no personal knowledge** of whether the user was in fact Mary Tovar.  Alorica, p. 740 (emphasis added)

The Court held "we believe that Tovar's sworn denials here are sufficient under these circumstances to create a fact issue that the trial court could resolve in her favor after a <u>Tipps</u> hearing, even if this case involves two sets of non-conditional, non-sequential login credentials rather than one." p. 744

"[H]ere, as in <u>Kmart</u>, <u>Alorica</u> failed to establish notice as a matter of law." <u>Alorica</u>, p. 744

In the case at bar, Defendant's arguments are substantially less compelling.

Here, there is no evidence of any identifiers on any documentation, electronic or written.

Therefore, pursuant to <u>Alorica v. Tovar</u>, 569 S.W.3d 736 (Tex. App. – El Paso 2018, no pet.), Plaintiff respectfully urges Defendant's Motion to Compel Arbitration (dkt#11) be denied.

### IV.  Conclusion

Because Defendant has not shown it unequivocally notified Plaintiff of its proposed arbitration agreement and its specific terms and Plaintiff denies receiving notice of any arbitration policy, no arbitration agreement arose between the parties.

Plaintiff respectfully urges Defendant's motion to compel arbitration be denied.

**WHEREFORE, PREMISES CONSIDERED**, the above the Plaintiff respectfully requests the Court deny Defendant's motion to compel arbitration (dkt#11); and for such other and further relief, at law or in equity, to which she may justly be entitled.

Respectfully submitted,

**RONALD R. HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
ronhuff@gcecisp.com

/s/   Ronald R. Huff_____

                                        Ronald R. Huff (SBN 10185050)

                                      **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 22, 2019, a true and correct copy of the foregoing was forwarded electronically via the CM/ECF system in accordance with the FEDERAL RULES OF CIVIL PROCEDURE to:

Tracy Graves Wolf
Brent Sedge
Lewis Brisbois Bisgaard & Smith, LLP
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201

                                          /s/   Ronald R. Huff_____
                                        Ronald R. Huff