**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **KATHRYN L. BARKER,** § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 4:18-cv-502 |
| § | |
| **UHS OF TEXOMA, INC.** § | |
| **d/b/a TEXOMA MEDICAL CENTER,** § | |
| *Defendant*. § | |

**DEFENDANT'S SUR-REPLY IN SUPPORT OF
MOTION TO COMPEL ARBITRATION**

Defendant UHS of Texoma, Inc. d/b/a Texoma Medical Center ("Defendant" or "Texoma") files this *Sur-Reply in Support of Motion to Compel Arbitration* ("Sur-Reply"), replying to Plaintiff Kathryn L. Barker's ("Plaintiff" or "Barker") *Response to Defendant's Supplemental Reply in Support of Motion to Compel Arbitration* ("Response") [ECF No. 36]. In support thereof, Texoma shows the following:

**Reply**

**I.   *Alorica* is not applicable under these circumstances**

In her *Response*, Barker cites *Alorica v. Tovar* from the Eighth Court of Appeals (El Paso) for the proposition that "[e]lectronic records showing receipt and acceptance of arbitration agreements are insufficient to defeat employee's sworn affidavit refuting employer's records." *Response* at 1 (*citing Alorica v. Tovar*, 569 S.W.3d 736 (Tex. App.—El Paso 2018, no pet.)). It goes without saying that appellate decisions of Texas courts are not binding on this Court. Even so, Barker's *Response* overlooks language in *Alorica* acknowledging (but not necessarily adopting) conflicting decisions from federal district courts in Texas "in which judges faced with the same factual dilemma presented here decided in favor of the employer, not the employee." *Alorica*, 569

S.W.3d at 744 (*citing Holmes v. Air Liquide USA, L.L.C.*, 2012 U.S. Dist. LEXIS 10678 (S.D. Tex. Jan. 30, 2012), *Walker v. Tao Operating, L.L.C.*, 2014 U.S. Dist. LEXIS 129518 (E.D. Tex. Aug. 14, 2014); *Washington v. Sears Logistics Servs., Inc.*, 2014 U.S. Dist. LEXIS 70807 (N.D. Tex. May 23, 2014)).

Barker fails to explain how Texoma's "arguments are substantially less compelling" than the defendant's arguments in *Alorica*. The circumstances in this lawsuit are quite different: The trial court in *Alorica* held two different evidentiary hearings on the existence of an arbitration agreement and allowed the parties to conduct discovery related to the procedure for providing notice as to the arbitration agreement in question. *Alorica*, 569 S.W.3d at 739.[1] Here, Barker has simply provided conclusory, self-serving affidavit testimony that she "never received notice of any Alternative Resolution of Conflicts Agreement" and she "never completed a Texoma Medical Center online course entitled Alternative Resolution of Conflicts." *Affidavit of Kathryn L. Barker* [ECF No. 18-1]. In fact, Barker was much more tentative about whether she had received notice of Texoma's *Alternative Resolution of Conflicts Agreement* ("ARC Agreement") in her deposition:

```
1    Q.  Okay. Mrs. Barker, do you recall signing an
2   arbitration or an ARC agreement at TMC?
3    A.  What is that?
4    Q.  An agreement that if any disputes arise, you'll
5   consent to go to arbitration?
6    A.  No, I do not recall anything like that.
7    Q.  Okay. Did you ever sign an opt-out, that you would
8   not agree to arbitrations if any -- arbitration if any dispute
9   arised?
10   A.  I don't recall that.
11   Q.  Okay.
12   A.  I don't know how I -- I mean, I don't know how people
13  are supposed to remember all these things that might have been
14  years ago, but, no, I do not recall either thing.
```

*See* Barker Deposition Excerpt, attached hereto as Exhibit 1. So, based on her deposition testimony,

---

[1] It is also notable that Barker has never requested an evidentiary hearing on the issue of the *ARC Agreement*'s existence, nor has she sought to conduct any discovery or depositions on this issue.

it is not that Barker unequivocally denies notice, the existence, or even agreement with the *ARC Agreement*—she simply does not remember. Accordingly, the Court should not credit Barker's self-serving testimony contained in the *Affidavit of Katheryn L. Barker* [ECF No. 18-1].

## II. The Scoggins *Declaration* shows Barker agreed to arbitrate her claims

Putting aside the applicability of *Alorica*, the Court should simply not accept Barker's self-serving affidavit testimony. Texoma has presented compelling affidavit testimony from its former Marketing Director, Human Resources, Robin Chenail and Learning Management System Administrator, Casey Scoggins. *See Declaration of Robin Chenail* [ECF No. 11-1]; *Declaration of Casey Scoggins* ("Scoggins Declaration") [ECF No. 35-1].

Contrary to Barker's unexplained claims, there is simply nothing conclusory about the *Scoggins* Declaration. In the *Scoggins Declaration*, Administrator Scoggins comprehensively explains how he determined that Barker completed the steps necessary to generate a *Certificate of Completion* for Texoma's "Alternative Resolutions of Conflicts" course:

> 16. As Texoma's Learning Management System Administrator, I have administrative privileges within HealthStream. These administrative privileges allow me to review and retrieve individual employees course details within HealthStream, both for current and former employees.
>
> 17. In connection with this lawsuit, I have retrieved and reviewed Barker's course details for Texoma's "Alternative Resolution of Conflicts" course within HealthStream. A true and correct copy of Barker's course completion history is attached hereto as Exhibit E.
>
> 18. To produce the report of Barker's course completion history, I used her demographic information within the administrative features of HealthStream. Because HealthStream does not print out Barker's name on the course completion history, I manually printed Barker's name on the report and placed my signature to verify that the document reflects her course completion history.

*Scoggins Declaration* at ¶¶ 16-18.

As the *Scoggins Declaration* goes on to explain that Texoma "assigns its employees unique accounts to access and complete learning modules within HealthStream [Texoma's learning management system]." *Id.* at ¶ 5. Barker has not—nor can she—explain how her system credentials

were used to generate a *Certificate of Completion* for Texoma's "Alternative Resolution of Conflicts" learning module. The *Scoggins Declaration* further explains that a *Certificate of Completion* is only generated if an employee chooses the option (in HealthStream) agreeing with the statement that: "I acknowledge this course contains the ARC Program materials, and I have had an opportunity to review them." *Id.* at ¶¶ 12-13.

And as Texoma has previously shown the Court, a *Certificate of Completion* was generated for Barker:



*See Declaration of Casey Scoggins* at ¶ 20; *id.* at Exhibit 7 [ECF No. 35-7]. Barker has not—nor can she—dispute this *Certificate of Completion*. Based on this clear-cut, comprehensive explanation, Texoma has shown that Barker received notice of the *ARC Agreement*. Because she continued to work for Texoma after receiving notice of the *ARC Agreement* (and because she never

elected to opt out of its arbitration requirement), Barker must arbitrate her claims against Texoma.

## Prayer

Texoma prays that the Court grants its *Motion to Compel Arbitration*, orders Barker to arbitrate her claims against Texoma in accordance with the parties' *Alternative Resolution of Conflicts Agreement*, dismisses Barker's *Complaint*, and grants any further relief to which Texoma is justly entitled.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD AND SMITH, LLP**

*/s/ Tracy Graves Wolf*
Tracy Graves Wolf
Texas Bar No. 24004994
Tracy.Wolf@lewisbrisbois.com
Brent Sedge
Texas Bar No. 24082120
Brent.Sedge@lewisbrisbois.com
2100 Ross Avenue, Suite 2000
Dallas, TX 75201
(214) 722-7144 - Telephone
(214) 722-7111 - Fax

**ATTORNEYS FOR DEFENDANT**

## Certificate of Service

I certify that a true and correct copy of the foregoing document was served in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on May 29, 2019, ***via CM/ECF***, on the following:

Ronald R. Huff
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
ronhuff@gcecisp.com

**ATTORNEYS FOR PLAINTIFF**

                                          */s/ Brent Sedge*
                                          Brent Sedge