# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KATHRYN L. BARKER | § | |
| | § | Civil Action No. 4:18-cv-502 |
| v. | § | Judge Mazzant |
| | § | |
| UHS OF TEXOMA, INC. d/b/a TEXOMA MEDICAL CENTER | § § § | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant UHS of Texoma, Inc.'s Motion to Compel Arbitration (Dkt. #11). After careful consideration of all relevant filings, the motion will be granted.

## BACKGROUND

Plaintiff Kathryn L. Barker ("Barker") filed suit against UHS of Texoma, Inc. ("Texoma Medical") for violations of the Age Discrimination in Employment Act, the Americans with Disabilities Act, and the Family and Medical Leave Act. Texoma Medical, in turn, moved to compel arbitration (Dkt. #11). Texoma Medical argues that, in the course of Barker's employment, it implemented a policy in which "disputes regarding the employment relationship" must be arbitrated unless the employee opts-out in writing (the "Arbitration Policy"). This Policy is reflected in a document called the *Alternative Resolution of Conflicts* Agreement (the "ARC Agreement").

Texoma Medical contends that it requires its personnel to complete an online course called the *Alternative Resolution of Conflicts*. This course informs users of the Arbitration Policy and their right to opt-out of the policy in writing; it then asks users to acknowledge receipt of this

information. Texoma Medical's records reflect that Barker completed the course. Barker denies receiving a copy of the ARC Agreement or completing the course, nevertheless.

The Court subsequently held a hearing on this motion, where it provided the Parties an opportunity to further supplement the record either at the hearing or in additional filings (Dkt. #31). The Parties have since filed supplemental briefs on the issue (Dkt. #35; Dkt. #36; Dkt. #38). Texoma Medical has also provided additional evidence to support its claim that Barker received notice of the Arbitration Policy.

## LEGAL STANDARDS

Motions to compel arbitration turn on two questions: "'whether there is a valid agreement to arbitrate . . . [and] whether the dispute in question falls within the scope of the arbitration agreement.'" *Graves v. BP America, Inc.*, 568 F.3d 221, 222 (5th Cir. 2009) (quoting *Fleetwood Enterprises Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002)). Although courts are to apply "ordinary state-law principles that govern the formation of contracts" to determine whether a valid arbitration agreement exists, courts apply federal common law to determine the scope of the arbitration agreement. *See id.* When the parties dispute whether a valid arbitration agreement exists, the party seeking to compel arbitration must show by "a preponderance of the evidence that the [opposing party] has entered into a valid arbitration agreement." *In re JPMorgan Chase & Co.*, 916 F.3d 494, 503 (5th Cir. 2019); *accord Alorica v. Tovar*, 569 S.W.3d 736, 740 (Tex. Civ. App.—El Paso Nov. 26, 2018, no pet. h.).

## DISCUSSION

"In Texas, an employer may condition an at-will employee's continued employment on assent to binding arbitration, even if the employee was initially hired in the absence of an arbitration agreement." *Alorica*, 569 S.W.3d at 740 (citing *In re Halliburton Co.*, 80 S.W.3d 566,

2

568–69 (Tex. 2002)). Texas courts reason that, when "an employee receives proper notice of the arbitration agreement," his or her "decision to continue showing up for work thereafter" signals assent to the arbitration agreement. *Id.*

The Parties dispute only whether Barker received proper notice of the ARC Agreement, which Texoma Medical implemented during the course of her employment. Texoma Medical's Learning Management System Administrator Casey Scoggins states in a declaration that Texoma Medical "requires its employees to complete a course titled 'Alternative Resolution of Conflicts'" (Dkt. #35, Exhibit 1 at p. 2). This course informs Texoma Medical employees of the ARC Agreement and their right to opt-out of the Agreement in writing. Barker, on the other hand, denies receiving the ARC Agreement or taking the course.

Texoma Medical's evidence is more persuasive. The Court understands that Barker denies receiving notice of such a policy, and does not question her sincerity. But, even if she may not remember these events, the evidence suggests that she was notified of the policy change. Texoma Medical provides evidence that: (1) it requires all employees to complete an online course on the *Alternative Resolution of Conflicts* (Dkt. #35, Exhibit 1 at p. 1), (2) the course informs users of the new ARC Agreement and their right to opt-out in writing (Dkt. #35, Exhibit 1 at pp. 1–2), and (3) Barker completed this course (Dkt. #11, Exhibit 3; Dkt. #35, Exhibit 6). This includes a document outlining each of the steps in the *Alternative Resolution of Conflicts* course that Barker completed and a certificate of completion with Barker's name on it (Dkt. #11, Exhibit 3). According to Scoggins, this certificate would issue only because, on completing the course, Barker "acknowledged [that] this course contains the ARC Program materials" and that she "had an opportunity to review them" (Dkt. #35, Exhibit 1 at p. 2).

3

Barker suggests that Texoma Medical has manufactured the evidence suggesting that Barker received notice of the Arbitration Policy. Her counsel noted at a court hearing, for instance, that the certificate of completion in question is dated in late 2013 even though Texoma Medical states that it implemented the new Arbitration Policy in 2014. The Court fails to see how the date of the certificate casts doubt on its authenticity. Employers presumably give their employees notice of a policy change *before* it goes into effect.

Barker also notes that the document outlining the steps in the course Barker completed only identifies Barker's name in handwriting, and that none of Texoma Medical's documents contain an identification number specifically attributable to her. But Scoggins has already stated that these documents are attributable to Barker in her sworn affidavit—as has Robin Chenail, Texoma Medical's Human Resources Marketing Director.[1] And there is no indication that Scoggins or Chenail have such an interest in this case that they would lie in sworn statements merely to compel arbitration. The more likely explanation is that Barker received notice of the Arbitration Policy and no longer remembers these events. This is consistent with Barker's deposition testimony on the matter. When pressed on topics concerning the Arbitration Policy, Barker laments that she "d[oesn't] know how people are supposed to remember all these things that might have been years ago" (Dkt. #38 at p. 4).

Finally, Barker argues that the Court should deny the motion to compel arbitration in light of *Alorica*—where a Texas appellate court affirmed a trial court decision to credit an employee's sworn denials over employer records reflecting that someone with the employee's login credentials

---

[1] Barker argues that certain statements in Scoggin and Chenail's respective declarations are conclusory—such as statements that "[a] copy of the ARC Agreement was delivered to Barker electronically" or that "Barker completed an online course on Texoma's Healthstream learning platform called "Alternative Resolution of Conflicts" (Dkt. #18 at p. 3; Dkt. #36, at p. 2). The Court does not agree but would reach the same conclusion, regardless.

viewed the arbitration agreement in question. 569 S.W.3d at 744. But the appellate court made clear that it was affirming the trial court's decision out of:

> [Its] trust in the ability of the lower courts to resolve factual discrepancies, to discern the truth, and to ferret out dishonest or perjurious attempts by employees to avoid ramifications of failing to read employer notices.

*Id.* at 744. The appellate court, in fact, acknowledged that courts are free to resolve disputes as they wish, and noted that several federal district courts have ruled in favor of the employer under similar circumstances. *See id.* at 744 (*Holmes v. Air Liquide USA, L.L.C.*, No. H-11-2580, 2012 WL 267194 (S.D. Tex. Jan. 30, 2012), *aff'd*, 498 F. App'x 405 (5th Cir. 2012); *Walker v. Tao Operating, L.L.C.*, No. 1:13-cv-619, 2014 WL 11904577 (E.D. Tex. Aug. 14, 2014); *Washington v. Sears Logistics Servs., Inc.*, No. 3:13-cv-3060-L, 2014 WL 2159253 (N.D. Tex. May 23, 2014)). Rather than try to discredit these federal district cases, the state appellate court acknowledged that a "conflict between the employer's records and the employee's sworn denials create[s] a fact issue on contract formation, meaning that the trial court c[an] find in *either the employer or the employee's favor*." *See Alorica*, 569 S.W.3d at 741 (citing *Kmart Stores of Tex.*, 510 S.W.3d 559, 570 (Tex. Civ. App. —El Paso 2016, pet. denied)) (emphasis added). In this case, the Court finds Texoma Medical's records and its employees' detailed affidavits on those records more reliable than Barker's dated recollection. Texoma Medical has therefore established the validity of the ARC Agreement by a preponderance of the evidence.

## CONCLUSION

Defendant's Motion to Compel Arbitration (Dkt. # 11) is **GRANTED**. Accordingly, all pending motions are **DENIED**. It is further **ORDERED** that the Clerk is directed to **ADMINISTRATIVELY CLOSE** this case pending completion of arbitration. It is further

**ORDERED** that Plaintiffs shall notify the Court within fourteen (14) days of the completion of arbitration.

**SIGNED this 4th day of June, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE